UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ROBERT LUTE, <br><br> Petitioner, <br><br> v. <br><br> DEPARTMENT OF CORRECTIONS, et al., <br><br> Respondents. | Case No. ED CV 20-1226-DSF (SP) <br><br> **MEMORANDUM AND ORDER DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

## I.

## INTRODUCTION

On June 17, 2020, petitioner Christopher Robert Lute, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner's claims stem from his January 7, 2019 state conviction for destruction of county property, and challenge the order that he pay restitution as a result of that conviction. Pet. at 2, 5-6.

On July 6, 2020, this Court, having screened the Petition, issued an Order to Show Cause ("OSC"), ordering petitioner to explain why his Petition should not be dismissed for lack of jurisdiction. Specifically, the Court noted that petitioner's challenges to the state trial court's restitution order were non-cognizable claims for

federal habeas relief because they were based on state law, and petitioner failed to contest the legality of his custody. The Court ordered petitioner to either clearly explain why his Petition should not be dismissed or request a voluntary dismissal without prejudice.

On August 31, 2020, petitioner filed a First Amended Petition ("FAP") in response to the Court's OSC. Petitioner did not explain how his FAP cured the previous defects identified by the Court. Instead, petitioner once again challenged his restitution obligations and raised a new non-cognizable state sentencing law claim. As such, this action will be dismissed without prejudice.

## II.

## DISCUSSION

A state prisoner is entitled to federal habeas relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." (citation omitted)). "[F]ederal habeas corpus relief does not lie for errors of state law." *Estelle*, 502 U.S. at 67 (internal quotation marks omitted).

In his FAP, petitioner renews his claims that the state trial court's restitution order constituted an illegal enhancement to the terms of his plea agreement and a breach of contract. FAP at 5. In addition, for the first time, he appears to challenge the state court's application of certain one-year enhancements to his custodial sentence. *See id.*

As explained in the OSC, the Court lacks jurisdiction to consider petitioner's challenges to the state court's restitution order because they do not contest the legality of his custody and are based on clearly non-cognizable theories of state law, including breach of contract. Although petitioner adds a challenge to his custodial term in his FAP, it is similarly non-cognizable because – like his challenge to the restitution order

– it involves a question of state law. Generally, matters relating to state sentencing are not cognizable on federal habeas review. *See Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding that a question of whether a prior conviction qualifies for sentence enhancement under California law is not a cognizable federal habeas corpus claim). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994). Here, petitioner does not claim that the state court's alleged sentencing errors were "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Richmond v. Lewis*, 506 U.S. 40, 50, 113 S. Ct. 528, 128 L. Ed. 2d 411 (1992). Accordingly, because none of petitioner's grounds for habeas relief are cognizable, his FAP must be dismissed.

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered denying the First Amended Petition and dismissing this action without prejudice.

DATED: March 15, 2021

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

SHERI PYM
UNITED STATES MAGISTRATE JUDGE

3